GEORGE E. FITCH, and others *vs.* STEPHEN W. WOOD.

Cumberland.    Opinion January 27, 1893.

*Hoops.    Sale.    Survey.    R. S., c. 41, § § 20, 21.*

Barrel hoops are not required by statute to be culled and branded.
See 84 Maine, p. 190.

ON EXCEPTIONS.

Judgment having been rendered in the Superior Court for Cumberland county, in favor of the plaintiffs, the defendant took exceptions.

The case is stated in the opinion.

*Frank and Larrabee, and E. L. Poor*, for plaintiffs.
*John Howard Hill*, for defendant.

HASKELL, J. Assumpsit to recover the price of four thousand barrel hoops, sold and delivered to the defendant. Defense, the hoops had not been culled and branded. They were not required to be.

There is no statute fixing the size or quality of barrel hoops, or the size and kind of package in which they shall be sold. R. S., c. 41, § 20, in terms applies to hogshead hoops only. Hoops are not articles that can be surveyed, like lumber, under the ordinary methods. There is no universal or common standard of length, width or quality. Without statute rules for the culling and branding of the various kinds of hoops, none is required. Section 21, therefore, that prohibits the sale of hoops not culled or branded, only applies to such hoops as the statute has given a standard by which the cull shall be governed. The reasoning of the case *Gilman* v. *Perkins*, 32 Maine, 320, is in point. It was to recover the price of a quantity of pine fish-barrel staves. The statute in general terms prohibited the sale of staves before they had been surveyed, &c., but omitted to give any regulations concerning pine staves. It was, therefore, held that no survey of such staves was required.

In *Durgin* v. *Dyer*, 68 Maine, 143, no question was raised or considered relating to the kind of hoops required to be culled

and branded; nor in *Richmond* v. *Foss*, 77 Maine, 590, as to the kind of lumber, in the sense under consideration here.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.